0315-20107 #1179442

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ANTHONY S. SHELVIN** | CIVIL ACTION |
| **VERSUS** | NO: 6:15-cv-02054 |
| **BLUE MARLIN SERVICES OF ACADIANA, LLC, CANDY FLEET, L.L.C., HORNBECK OFFSHORE SERVICES, L.L.C., AND THE WILLIAMS COMPANIES** | JUDGE REBECCA F. DOHERTY<br><br>MAGISTRATE JUDGE CAROL B. WHITEHURST |

### BLANCHARD CONTRACTOR, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES AND FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes defendant, Blanchard Contractors, Inc. ("Blanchard Contractors" or "defendant") and responds to the Original Complaint for Damages and First Amended and Supplemental Complaint for Damages ("Complaint") filed by Anthony S. Shelvin ("plaintiff"), as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against defendant upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred by the applicable period of prescription or statute of limitations, or laches.

## **THIRD DEFENSE**

And now, without waiving any of the foregoing defenses, Blanchard Contractors, Inc. ("defendant") responds to the allegations of plaintiff's Original Complaint for Damages and First Amended and Supplemental Complaint for Damages, categorically and by paragraph as follows:

1.

It is admitted that Blanchard Contractors is a Louisiana corporation with its principal place of business in Cut Off, Louisiana. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 are procedural and jurisdictional in nature and do not require a response by Blanchard Contractors. To the extent that a response is required, the allegations are denied.

3.

The allegations contained in Paragraph 3 are procedural and jurisdictional in nature and do not require a response by Blanchard Contractors. To the extent that a response is required, the allegations are denied.

4.

The allegations contained in Paragraph 4 are procedural and jurisdictional in nature and do not require a response by Blanchard Contractors. To the extent that a response is required, the allegations are denied.

5.

The allegations contained in Paragraph 5 do not pertain to Blanchard Contractors and therefore require no response. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

6.

The allegations contained in Paragraph 6 do not pertain to Blanchard Contractors and therefore require no response. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

7.

The allegations contained in Paragraph 7 do not pertain to Blanchard Contractors and therefore require no response. Additionally, the allegations contain a conclusion of law to which no response is required. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

8.

The allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief in the truth of the matters contained herein.

9.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

10.

Blanchard Contractors admits that Wade Hebert was a Superintendent and certified crane operator. The remaining allegations contain a conclusion of law for which no response is

required. To the extent that a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

11.

The allegations contained in Paragraph 11 are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

12.

The allegations contained in Paragraph 12 are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

13.

The allegations contained in Paragraph 13 do not pertain to Blanchard Contractors and therefore require no response. Additionally, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

14.

The allegations contained in Paragraph 14 do not pertain to Blanchard Contractors and therefore require no response. Additionally, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

15.

The allegations contained in Paragraph 15 do not pertain to Blanchard Contractors and therefore require no response. Additionally, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

16.

The allegations contained in Paragraph 16 do not pertain to Blanchard Contractors and therefore require no response. Additionally, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

17.

The allegations contained in Paragraph 17 do not pertain to Blanchard Contractors and therefore require no response. Additionally, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

18.

The allegations contained in Paragraph 18 do not pertain to Blanchard Contractors and therefore require no response. Additionally, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

19.

To the extent that the allegations contained in Paragraph 19 do not pertain to Blanchard Contractors or contain conclusions of law, no response is required. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

20.

To the extent that the allegations contained in Paragraph 20 do not pertain to Blanchard Contractors or contain conclusions of law, no response is required. To the extent that a response

is required, as to Blanchard Contractors the allegations are denied and as to Discovery Producer Services, LLC, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

20.a.

To the extent that the allegations contained in Paragraph 20.a. do not pertain to Blanchard Contractors or contain conclusions of law, no response is required. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

21.

The allegations contained in Paragraph 21 are denied.

22.

The allegations contained in Paragraph 22 are denied.

23.

The allegations contained in Paragraph 23 are denied.

24.

The allegations contained in Paragraph 24 do not pertain to Blanchard Contractors and therefore require no response. Additionally, the allegations contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

**FOURTH DEFENSE**

Defendant specifically denies that the plaintiff was injured as alleged. Alternatively, defendant pleads the contributory negligence of the plaintiff in mitigation of any recovery. More specifically, if the plaintiff sustained any illness or injury, which is denied, then said illness or

injury was caused by and/or contributed to and/or aggravated by the negligence of the plaintiff in the following particulars, but not limited to:

1. Failure to exercise reasonable and ordinary care under the circumstances;

2. Failure to take proper precautions to avoid the alleged accident;

3. Failure to use safety measures available to prevent the alleged accident; and

4. Any and all other acts of negligence, fault, and/or assumption of the risks which shall be proved at trial.

## FIFTH DEFENSE

Plaintiff's injuries, if any, resulted from a condition which was open and obvious to plaintiff.

## SIXTH DEFENSE

Plaintiff's injuries, if any, were caused or brought about by the ordinary normal risks incident to his occupation which were voluntarily assumed by plaintiff and for which defendant herein is in no way responsible.

## SEVENTH DEFENSE

Plaintiff's injuries, if any, were caused in whole or in part by the fault, acts, negligence, or omissions of a third-party or parties over whom defendant exercises no control or supervision and for whom defendant has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that the plaintiff is entitled to recover from defendant, which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third-parties.

## EIGHTH DEFENSE

Plaintiff's injuries, if any, were caused by equipment and/or in an area over which defendant had no control or authority.

## NINTH DEFENSE

Plaintiff's injuries, if any, were the result of intervening and/or superseding acts and/or causes, including but not limited to an act of God, which were the proximate and/or sole causes of those alleged damages, and for which neither defendant nor any other person, party, or entity for which defendant would be responsible, were not responsible.

## TENTH DEFENSE

Plaintiff's injuries, if any, arose as the result of a pre-existing and/or subsequently developing physical and/or mental condition which was neither caused nor aggravated by any act or omission of this defendant, thus barring or mitigating any recovery by plaintiff herein.

## ELEVENTH DEFENSE

Plaintiff has failed to mitigate his alleged damages and recovery herein is mitigated or defeated.

## TWELFTH DEFENSE

Defendant reserves the right to supplement, amend, or modify its affirmative defenses and answer to conform to such facts as may be revealed in discovery or otherwise.

## JURY DEMAND

Answering Defendant hereby demands a trial by jury on all issues and claims.

**WHEREFORE**, the premises considered, defendant, Blanchard Contractors, Inc. prays that this, its Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of defendant, Blanchard Contractors, Inc., and against plaintiff, Anthony S. Shelvin, dismissing the Complaint at plaintiff's costs, and that defendant, Blanchard Contractors, Inc. be granted such other and further relief as equity and the justice of the cause may require and permit, and a trial by jury on all issues and claims.

Respectfully submitted:

*/s/ Salvador J. Pusateri*_____
Salvador J. Pusateri T.A. (#21036)
Laurie D. Clark (#22304)
PUSATERI, BARRIOS, GUILLOT & GREENBAUM
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pbgglaw.com
Laurie.Clark@pbgglaw.com
ATTORNEYS FOR BLANCHARD CONTRACTORS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

_____*/s/ Salvador J. Pusateri*\_\_\_\_